Good morning, Your Honors. Martin Jacobs, Martin Jacobs, Inc. for Plaintiff Appellant Kimberly Gray. This case, I believe, is basically a factual one as to whether or not the Plaintiff Appellant has set forth sufficient facts which, circumstantial or indirectly, from which a reasonable jury could conclude that Mr. – that Deputy Gordon, in fact, was liable for the violation of 1983. I would respectfully submit to the Court that there is sufficient such evidence. We have pretty well laid it out in the briefs, but nonetheless, just to summarize, there is evidence that Deputy Gordon was told on December 15th or 16th that as to the whereabouts of the plaintiff and the jury. What does that have to do with her whereabouts in July 1st and 2nd, which was the dates in which the charges related? Five months earlier. Well, there is a five-month hiatus in there, but nonetheless, if he was aware that – Well, it's backwards. If he was aware of those – of the whereabouts in December, and then he turns around and says that he would – files an arrest – an affidavit saying I would – that the children would be concealed in July, that is inconsistent, it seems to me, with his knowing the whereabouts in December. I mean, what kind of an officer would do that? That doesn't make any sense. What did she tell him, allegedly? She told him where she was. Which was? In Oklahoma, the address in Oklahoma. And? And he said, just stay there. Don't worry about it. There's a – But I – you know, I go back to the same thing. What does that have to do with whether she was concealing anybody on July 1st and 2nd, months earlier? I'm not concealing them now. But was there any conversation about I wasn't concealing them in July? Well, no – I know of no such conversation. Well, there wasn't. No, but at the same time, to then go ahead and put in an affidavit to procure an arrest warrant to get somebody extradited back here, saying they've been concealing children in regard – at an earlier date doesn't make any sense. I think it's bad form and maybe bad law enforcement. I think the key here is they lie about it. Is there a statement in there that's a lie? And I think that's the troubling part of the case. I mean, I'm sympathetic with what your client's saying. But the legal standard requires there to be misrepresentation of a lie. And it seems to me, if you look at it technically, there's probably not. Is that right? Well, there's at least an implied statement in that affidavit that she was continuing to conceal herself as of December. I just don't get it. The charge has that she concealed on July 1st and July 2nd, 1999. Right? That is correct. If you know where someone is in December or February – in December. Just do it in your favor. What does that have to do with knowing – with her concealing or not concealing the kids in July? Why do you fill out an affidavit to get an extradition saying that somebody was concealing children on an earlier date when you know where they are and you know they're not concealing in the interim? They were concealed in July. I'm sorry? They were concealed in July. I just – I mean, I don't know. I just don't get it, I guess. Well – I'm sorry. Well, I understand what's troubling you. At the same time, then what's the evidence that they were concealed in July? On what basis did she say that? She disappeared with them. I'm sorry? She disappeared with them. As it turns out, to Oklahoma, but nobody knew that in July. There were various reports to various governmental agencies. We are talking about Deputy Gordon here. Well, you know, I can't – I can't say that you're incorrect in terms of the July date, but what I can tell you is – I mean, there's something very, very peculiar about a situation where you ask for an arrest warrant when you know on the basis that somebody was concealing themselves, when you know when they're – when you were told subsequently, you know, of the address. And there's also an inference that if you were told in December, I am so-and-so, that they weren't concealing three, four months earlier. And that's really about all I have on that. The other facts are pretty obvious from the briefs. And there's also – you know, there's a lot of dancing here in terms of testimony, subsequent testimony. You've got a situation with the Sheriff's Department. We do have something of an old boy network here. And we've got a brother who's – a brother of a police officer – I mean, the brother who is a sheriff's officer whose vehicle turns up at the site of the break-in. Just a lot of things going on here. So anyway, that's all I have. Thank you. Good morning. Peter Lysolk with the County of L.A., Sheriff Baca, and Deputies Gordon, Barnes, and Harrell. I have to admit that the case has been somewhat of a shifting target for me. And that the allegations against my clients have shifted and moved and actually kind of consolidated now to only include Deputy Gordon. And the allegations really are that Deputy Gordon knew where Ms. Gray lived, and then when he asked for the probable cause declaration or executed it, he lied about that. And in fact, he knew where she was, which is Oklahoma. And that is true. When he executed the declaration of probable cause, he knew where she was. In fact, the warrant says she was in Rush Springs, Oklahoma. But you can violate Penal Code Section 278.5 not just by hiding, but also by withholding visitation rights of the father. In this case, Mr. Scott Harrell, who was the father of three children, at first didn't know where his wife was with the children, and later on he did find out. And she went to Oklahoma and in fact followed maternity action, at least an action for sole custody of the children. And she did all the things that she can do to deprive the father of visitation and custody of the children. And so it doesn't really matter whether or not Deputy Gordon knew where Ms. Gray was on any particular day. The crimes were completed on July 1st and July 2nd. That's when the father claimed that the kids were taken away from him and he didn't know where the children were. And that's really my only point, that really the crime can be committed not just by hiding them, but by taking them away and making sure the father doesn't have custody of the children. Thank you, Counsel. Thank you very much. The case is disordered and submitted.
judges: Trott, Rymer, Thomas